**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| DIVX, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-02061(MSN/LRV) |
| | ) |
| AMAZON.COM, INC., and AMAZON | ) |
| WEB SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF DIVX, LLC'S MOTION FOR RECONSIDERATION

**I.      INTRODUCTION**

DivX LLC respectfully moves pursuant to Federal Rule of Civil Procedure 54(b) for reconsideration of the grant of summary judgement of non-infringement of U.S. Pat. No. 12,184,943 (the "'943 Patent"). ECF 320 at 4 (the "MSJ Order"). DivX respectfully submits that there exists a material error in the Order. The AES Cipher() and InvCipher() scrambling and unscrambling steps are what is alleged to meet the Court's claim construction of cipher. These functions perform 10 "rounds" of scrambling or unscrambling, each of which requires a separate "round key." The MSJ Order found as a matter of undisputed fact that the first of these 10 rounds of scrambling and unscrambling uses a round key that is the content key itself.[1] This is a factual error. According to the AES Specification, there are 11 round keys, and the 10 rounds of scrambling and unscrambling only use separate round keys that are created within the system itself

---

[1] Specifically, the Court found that: (1) "the first round key that is received by the Cipher() and InvCipher() functions is the externally sourced content key"; (2) the accused products therefore "do not infringe **because their 'ciphers' use an outside key**."  MSJ Order at 4 (emphasis added).

and not the "first round key" identified by the Court. DivX's expert, Dr. Conte, identifies a cycle

of rounds as the cipher process: "the AES specification provides that the core of the AES

algorithms 'is a sequence of fixed transformations of the state called a round. Each round requires

an additional input called a round key.'" ECF 216-2 (Opening Expert Report), ¶ 1005 (quoting

AES Specification). And the specific round keys used in the 10 rounds are generated "internally."

*See id.* What the MSJ Order pointed as "the first 'round key'" is not used in the 10 rounds.[2]

This error appears to have originated from a statement in Amazon's summary judgment

reply that "the Cipher() and InvCipher() functions use … the external content key." ECF 222

(Amazon Reply Brief), at 3. Amazon's motion itself did not make this argument at all, much less

identify it as one of the allegedly undisputed facts on which the motion was based. Critically, even

in its reply brief, Amazon never argued that the content key is one of the 10 round keys used by

the AES cipher to scramble or unscramble.

The relevant claim language recites "cipher to obtain a decryption key." The Court

construed "cipher" as "a procedure to scramble or unscramble secure data [the cryptographic

material] without using a key." MSJ Order at 3 (citation omitted). The Court subsequently clarified

that the key that cannot be used to scramble or unscramble is "an outside source" or "external

input." *Id.* (emphasis added).

Against this background, the Court's order stated:

---

[2]    To illustrate this point, consider a claim directed to a school bus driving a route, where the school bus can only drive childrenl. The fact that a parent is standing next to their child as the child gets on the bus is not a proper non-infringement defense. A child is derived from its parent.  But a child is not its parent.  Likewise, the existence of an externally supplied content key within the broader AES process is not a proper non-infringement defense where the actual Cipher() and InvCipher() scrambling and unscrambling operations themselves do not use that external key during the 10 rounds that perform the cipher.

> The first Nk words in the array generated by the KeyExpansion() function, and thus the first "round key" generated by KeyExpansion(), "are the [content] key itself." It follows then that the first round key that is received by the Cipher() and InvCipher() functions is the externally sourced content key—accordingly, the accused products do not infringe **because their "ciphers" use an outside key**.

Id. at 4 (emphasis added) (internal citation omitted).

In other words, the Court's ultimate conclusion is based on its finding of undisputed fact that the first round key is used to scramble or unscramble, which for the form of AES at issue in this case (AES-128) uses a 10 round process. Ex. 1 (NIST, FIPS 197: Advanced Encryption Standard (AES)) ("AES Specification") at 11 (table 3);[3] *see also* ECF 218-10 (Amazon Reply Ex. 24, highlighting AES-128). But the reason why Amazon could not and did not argue that the content key is an outside source used "to scramble or unscramble" in the 10 rounds (much less argue that was an undisputed fact) is because the "first Nk word" is _**not**_ one of the 10 round keys used by Cipher() and InvCipher() in the 10 rounds of scrambling or unscrambling. It is the 10 rounds of scrambling and unscrambling that matter for the purposes of infringement, because it is those rounds that meet the Court's construction of cipher. Because that disputed factual issue was resolved against DivX on summary judgment, reconsideration is warranted and the grant of summary judgment of noninfringement should be vacated.

There is a recurring theme in Amazon's briefing that DivX is improperly attempting to read the claims onto an AES cipher that uses an ingredient from the outside to trigger the round key creation process. This, however, is exactly what the patent contemplates. As Judge Wu in the Central District of California observed during claim construction: "The specification does acknowledge that some information may be exchanged, but this is for synchronization purposes,

---

[3] DivX submits the complete AES Specification as Exhibit 1 for the Court's convenience. This is the same document excerpted by the parties in summary judgment exhibits. *See* ECF 212-4 (DivX Ex. 3); ECF 218-10 (Amazon Ex. 24).

not directly for deciphering purposes." Amazon submitted Judge Wu's order to this Court at ECF 91-5 at 17. The AES Specification states: "The AES algorithm is a symmetric block cipher . . . ." ECF 89-24 at 1.  Both enciphering and deciphering need to have access to the same ingredient (the content key) so they can be synchronized and thereby ensure that the text that is scrambled appears correctly after unscrambling.  This is what allows for symmetry.  This process is within the scope of the claims because the 10 round keys that scramble and unscramble are generated internally.  More specifically, claim 2 -- which recites "the cipher comprises an Advanced Encryption System (AES) cipher" -- is within the scope of claim 1 because in AES the process of scrambling and unscrambling uses the final 10 round keys that are not the content key that perform the scrambling and unscrambling process. The Court's analysis conflates the existence of an externally supplied content key within the broader AES process with what round keys are actually used during the 10 rounds of Cipher() and InvCipher() scrambling and unscrambling operations..

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

The Fourth Circuit has explained that under Rule 54(b), "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *United States Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (citation omitted). Compared to reconsideration of final judgments under Rule 59(e), Rule 54(b) "involves broader flexibility to revise interlocutory orders before final

judgment as the litigation develops and new facts or arguments come to light." *Id.* (citation omitted).

The Fourth Circuit cautions that Rule 54(b) discretion "is not limitless" and remains cabined by law-of-the-case principles. *Id.* at 256-57. Accordingly, courts generally apply the following considerations: "(1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (citation omitted). Courts in this district also stress that motions for reconsideration should be granted sparingly and are not appropriate merely because a party disagrees with the Court's ruling or wishes to relitigate issues already decided. *See Benedict v. Hankook Tire Co. Ltd.*, No. 3:17-cv-109, 2018 WL 1655358, at *3 (E.D. Va. Apr. 5, 2018).

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), explains reconsideration is also appropriate where "the Court has patently misunderstood a party," "made a decision outside the adversarial issues presented," or made "an error not of reasoning but of apprehension."

## III.    ARGUMENT

The Court granted summary judgment of non-infringement of the '943 Patent. MSJ Order at 1. Independent claim 1 recites in relevant part:

> providing the cryptographic material to ***a cipher to obtain a decryption key***; and obtaining decrypted video frame data by decrypting the encrypted portion of the video frame data based upon the obtained decryption key;

Dependent Claim 2 recites in relevant part:

> 2. The playback device of claim 1, wherein the cipher comprises an Advanced Encryption System (AES) cipher.

"The Court construed "cipher" as used in '943 patent claims 1 and 2, following Amazon's proposal, as "a procedure to scramble or unscramble secure data [the cryptographic material] without using a key." MSJ Order at 3 (citation omitted). The Court then gave the following clarification:

> Amazon's textual argument based on the Court construing "cipher" to literally exclude use of (any) keys asks too much. As DivX notes, the distinction the Court relied on in major part was the patentee-lexicographer's ***definition of "cipher" as to not include use of "an outside source" or "external input" "such as a key***." ECF 111 at 21, 22. In contrast, "encryption" was defined as using such. The apt question is whether the keys contested by DivX and Amazon are from "outside sources" or "internally generated." Accordingly, the Court will grant DivX's Motion for Clarification of Claim Construction (ECF 234) and clarify that the "key" referred to in the claim language is from an "outside source" or "external input."

MSJ Order at 3 n.3 (emphasis added). Therefore, the Court determined that the "cipher" cannot use a key that is an "outside source" or "external input" to perform its specific function: "scramble or unscramble" the "decryption key."

> The Court found the following:
>
> The first Nk words in the array generated by the KeyExpansion() function, and thus the first "round key" generated by KeyExpansion(), "are the [content] key itself." It follows then that the first round key that is received by the Cipher() and InvCipher() functions is the externally sourced content key—accordingly, the accused products do not infringe ***because their "ciphers" use an outside key***. *Id.* at 4 (emphasis added). The AES specification states that "[t]he first NK words of the expanded key are the key itself."

*Id.* at 4 (emphasis added) (internal citation omitted). The MSJ Order holds as a matter of undisputed fact that "the first round key that is received by the Cipher() and InvCipher() functions is the externally sourced content key" and that the "'ciphers' use an outside key" to perform the rounds that constitute the function of scrambling and unscrambling. This is not an undisputed fact. Cipher() and InvCipher() involve 10 rounds of scrambling or unscrambling. *See* Ex. 1 at 11 (table 3). The 10 rounds of scrambling or unscrambling used

solely round keys created within the system. . *See id.* at 11; ECF 216-2 (Conte Opening Report), ¶ 1005. The AES Specification the Court cites makes clear that the scrambling and unscrambling of Cipher() and InvCipher() use 10 round keys, none of which are "[t]he first NK words" of the content key. What the Court identifies as the "first 'round key'" is not used the  specific scrambling and unscrambling process specified in the Court's construction of cipher.

Dr. Conte's expert report identifies the "round[s]" of Cipher() and InvCipher() as the required cipher, i.e., scrambling or unscrambling.

1005.  For example, the AES specification provides that the core of the AES algorithms "is a sequence of fixed transformations of the state called a *round*.  Each round requires an additional input called the *round key*." NIST, Advanced Encryption Standard (AES) ("FIPS 197"), at 11 (updated 2003).  A key expansion routine generates the round keys *internally*, which collectively form the key schedule, which is in turn used to generate the keystream that is ultimately used to decrypt the encrypted portion of frame video data.

## 5.  Algorithm Specifications

The general function for executing AES-128, AES-192, or AES-256 is denoted by CIPHER(); its inverse is denoted by INVCIPHER().[2]

The core of the algorithms for CIPHER() and INVCIPHER() is a sequence of fixed transformations of the state called a *round*. Each round requires an additional input called the *round key*; the round key is a block that is usually represented as a sequence of four words (i.e., 16 bytes).

An expansion routine, denoted by KEYEXPANSION(), takes the block cipher key as input and generates the round keys as output. In particular, the input to KEYEXPANSION() is represented as an array of words, denoted by *key*, and the output is an expanded array of words, denoted by *w*, called the *key schedule*.

The block ciphers AES-128, AES-192, and AES-256 differ in three respects: 1) the length of the key; 2) the number of rounds, which determines the size of the required key schedule; and 3) the specification of the recursion within KEYEXPANSION(). For each algorithm, the number of rounds is denoted by $Nr$, and the number of words of the key is denoted by $Nk$. (The number of words in the state is denoted by $Nb$ for Rijndael in general; in this Standard, $Nb = 4$.) The specific values of $Nk$, $Nb$, and $Nr$ are given in Table 3. No other configurations of Rijndael conform to this Standard.

ECF 216-2 (Conte Opening Report), ¶ 1005 (highlighting added) (quoting Ex. 1 (AES Specification) at 11).

The content key which the Court identifies as the first "round key" is not one of the 10 round keys used in the 10 rounds of Cipher() or InvCipher() that perform the required "scrambl[ing] or unscrambl[ing]" required by the Court's construction. Instead the round keys used in Cipher() and InvCipher() for the 10 rounds of scrambling and unscrambling are entities generated wholly internally. *See* Ex. 1 (AES Specification) at 17-18 (describing KeyExpansion() routine); ECF 216-2 (Conte Opening Report), ¶ 1005. Below are excerpts from the AES Specification that the Court relied on in its MSJ Order. *See* MSJ Order at 2. The excerpts describe the AES-128 Cipher() and InvCipher(), as that is Amazon identified in its summary judgment reply

First, the AES Specification shows that the number of rounds in the AES-128 cipher is 10:

**Table 3. Key-Block-Round Combinations**

|  | Key length | | Block size | | Number of rounds |
|---|---|---|---|---|---|
|  | $Nk$ | (in bits) | $Nb$ | (in bits) | $Nr$ |
| **AES-128** | 4 | 128 | 4 | 128 | 10 |
| **AES-192** | 6 | 192 | 4 | 128 | 12 |
| **AES-256** | 8 | 256 | 4 | 128 | 14 |

Ex. 1 (AES Specification) at 11 (highlighting added).

Second, below is Appendix A.1 from the AES Specification that Amazon presented as Exhibit 24 to its reply on summary judgment. Amazon highlighted in yellow the content key and quotes the following language from the AES Specification as reflecting what is shown in Appendix

A.1: "The first Nk words of the expanded key are the key itself." ECF 222 at 2 (quoting ECF 218-10 at 17).

## A.1 Expansion of a 128-bit Key

This section contains the key expansion of the following key:

Key = 2b 7e 15 16 28 ae d2 a6 ab f7 15 88 09 cf 4f 3c

for $Nk = 4$, which results in

$w_0$ = 2b7e1516      $w_1$ = 28aed2a6      $w_2$ = abf71588      $w_3$ = 09cf4f3c

| $i$ (dec) | temp | After ROTWORD() | After SUBWORD() | $Rcon[i/Nk]$ | After XOR with $Rcon$ | $w[i-Nk]$ | $w[i] = temp \oplus w[i-Nk]$ |
|---|---|---|---|---|---|---|---|
| 4 | 09cf4f3c | cf4f3c09 | 8a84eb01 | 01000000 | 8b84eb01 | 2b7e1516 | a0fafe17 |
| 5 | a0fafe17 | | | | | 28aed2a6 | 88542cb1 |
| 6 | 88542cb1 | | | | | abf71588 | 23a33939 |
| 7 | 23a33939 | | | | | 09cf4f3c | 2a6c7605 |
| 8 | 2a6c7605 | 6c76052a | 50386be5 | 02000000 | 52386be5 | a0fafe17 | f2c295f2 |
| 9 | f2c295f2 | | | | | 88542cb1 | 7a96b943 |
| 10 | 7a96b943 | | | | | 23a33939 | 5935807a |
| 11 | 5935807a | | | | | 2a6c7605 | 7359f67f |
| 12 | 7359f67f | 59f67f73 | cb42d28f | 04000000 | cf42d28f | f2c295f2 | 3d80477d |
| 13 | 3d80477d | | | | | 7a96b943 | 4716fe3e |
| 14 | 4716fe3e | | | | | 5935807a | 1e237e44 |
| 15 | 1e237e44 | | | | | 7359f67f | 6d7a883b |
| 16 | 6d7a883b | 7a883b6d | dac4e23c | 08000000 | d2c4e23c | 3d80477d | ef44a541 |
| 17 | ef44a541 | | | | | 4716fe3e | a8525b7f |
| 18 | a8525b7f | | | | | 1e237e44 | b671253b |
| 19 | b671253b | | | | | 6d7a883b | db0bad00 |
| 20 | db0bad00 | 0bad00db | 2b9563b9 | 10000000 | 3b9563b9 | ef44a541 | d4d1c6f8 |
| 21 | d4d1c6f8 | | | | | a8525b7f | 7c839d87 |
| 22 | 7c839d87 | | | | | b671253b | caf2b8bc |
| 23 | caf2b8bc | | | | | db0bad00 | 11f915bc |

ECF 218-10 (Ex. 24 to Amazon's reply brief) at 29 (highlights in original, red annotation added).

There is substantial evidence that what is highlighted in yellow by Amazon, the first Nk words (i.e., w0 through w3) *do not* reflect the round keys that are used in the 10 rounds of Cipher() and InvCipher() that scramble or unscramble. That is instead reflected by the round keys in the red box. This can be definitively shown in Appendix B from the AES Specification, which confirms

that the content key is not one of the round keys used in the 10 rounds that scramble or unscramble in Cipher() and InvCipher(). In particular, the scrambling or unscrambling occur via three functions in Cipher() and InvCipher(): SubBytes (non-linear substitution of numbers/letters in each 4x4 grid), Shift rows (shuffling the rows in each 4x4 grid), MixColumns (shuffling the columns in each 4x4 grid). This only occurs in rounds 1-10:

**SubBytes()** — Transformation in the Cipher that processes the State using a non-linear byte substitution table (S-box) that operates on each of the State bytes independently.

**ShiftRows()** — Transformation in the Cipher that processes the State by cyclically shifting the last three rows of the State by different offsets.

**MixColumns()** — Transformation in the Cipher that takes all of the columns of the State and mixes their data (independently of one another) to produce new columns.

Ex. 1 (AES Specification) at 3 (highlighting added).



Ex. 1 (AES Specification) at 34-35 (annotated). Note that the content key is listed *before* the beginning of the rounds in the above figure.

Each of the 10 rounds of scrambling and unscrambling uses as its round key the results from the last column of A.1, which does not contain any portion of the content key:

## Appendix A.1

$$w[i] = temp \oplus w[i-Nk]$$

**Round 1**
a0fafe17
88542cb1
23a33939
2a6c7605

**Round 2**
f2c295f2
7a96b943
5935807a
7359f67f

**Round 3**
3d80477d
4716fe3e
1e237e44
6d7a883b

**Round 4**
ef44a541
a8525b7f
b671253b
db0bad00

**Round 5**
d4d1c6f8
7c839d87
caf2b8bc
11f915bc

## Appendix B

The Round Key values are taken from the Key Expansion example in Appendix A.1.

| Round Number | Start of Round | After SubBytes | After ShiftRows | After MixColumns | Round Key Value |
|---|---|---|---|---|---|
| input | 32 88 31 e0 / 43 5a 31 37 / f6 30 98 07 / a8 8d a2 34 | | | | 2b 28 ab 09 / 7e ae f7 cf / 15 d2 15 4f / 16 a6 88 3c |
| 1 | 19 a0 9a e9 / 3d f4 c6 f8 / e3 e2 8d 48 / be 2b 2a 08 | d4 e0 b8 1e / 27 bf b4 41 / 11 98 5d 52 / ae f1 e5 30 | d4 e0 b8 1e / bf b4 41 27 / 5d 52 11 98 / 30 ae f1 e5 | 04 e0 48 28 / 66 cb f8 06 / 81 19 d3 26 / e5 9a 7a 4c | a0 88 23 2a / fa 54 a3 6c / fe 2c 39 76 / 17 b1 39 05 |
| 2 | a4 68 6b 02 / 9c 9f 5b 6a / 7f 35 ea 50 / f2 2b 43 49 | 49 45 7f 77 / de db 39 02 / d2 96 87 53 / 89 f1 1a 3b | 49 45 7f 77 / db 39 02 de / 87 53 d2 96 / 3b 89 f1 1a | 58 1b db 1b / 4d 4b e7 6b / ca 5a ca b0 / f1 ac a8 e5 | f2 7a 59 73 / c2 96 35 59 / 95 b9 80 f6 / f2 43 7a 7f |
| 3 | aa 61 82 68 / 8f dd d2 32 / 5f e3 4a 46 / 03 ef d2 9a | ac ef 13 45 / 73 c1 b5 23 / cf 11 d6 5a / 7b df b5 b8 | ac ef 13 45 / c1 b5 23 73 / d6 5a cf 11 / b8 7b df b5 | 75 20 53 bb / ec 0b c0 25 / 09 63 cf d0 / 93 33 7c dc | 3d 47 1e 6d / 80 16 23 7a / 47 fe 7e 88 / 7d 3e 44 3b |
| 4 | 48 67 4d d6 / 6c 1d e3 5f / 4e 9d b1 58 / ee 0d 38 e7 | 52 85 e3 f6 / 50 a4 11 cf / 2f 5e c8 6a / 28 d7 07 94 | 52 85 e3 f6 / a4 11 cf 50 / c8 6a 2f 5e / 94 28 d7 07 | 0f 60 6f 5e / d6 31 c0 b3 / da 38 10 13 / a9 bf 6b 01 | ef a8 b6 db / 44 52 71 0b / a5 5b 25 ad / 41 7f 3b 00 |
| 5 | e0 c8 d9 85 / 92 63 b1 b8 / 7f 63 35 be / e8 c0 50 01 | e1 e8 35 97 / 4f fb c8 6c / d2 fb 96 ae / 9b ba 53 7c | e1 e8 35 97 / fb c8 6c 4f / 96 ae d2 fb / 7c 9b ba 53 | 25 bd b6 4c / d1 11 3a 4c / a9 d1 33 c0 / ad 68 8e b0 | d4 7c ca 11 / d1 83 f2 f9 / c6 9d b8 15 / f8 87 bc bc |

- 11 -

## Appendix A.1

## Appendix B

**Round 6**

| 6d88a37a |
| 110b3efd |
| dbf98641 |
| ca0093fd |

6

| f1 | c1 | 7c | 5d |   | a1 | 78 | 10 | 4c |   | a1 | 78 | 10 | 4c |   | 4b | 2c | 33 | 37 |   | 6d | 11 | db | ca |
| 00 | 92 | c8 | b5 |   | 63 | 4f | e8 | d5 |   | 4f | e8 | d5 | 63 |   | 86 | 4a | 9d | d2 |   | 88 | 0b | f9 | 00 |
| 6f | 4c | 8b | d5 |   | a8 | 29 | 3d | 03 |   | 3d | 03 | a8 | 29 |   | 8d | 89 | f4 | 18 |   | a3 | 3e | 86 | 93 |
| 55 | ef | 32 | 0c |   | fc | df | 23 | fe |   | fe | fc | df | 23 |   | 6d | 80 | e8 | d8 |   | 7a | fd | 41 | fd |

**Round 7**

| 4e54f70e |
| 5f5fc9f3 |
| 84a64fb2 |
| 4ea6dc4f |

7

| 26 | 3d | e8 | fd |   | f7 | 27 | 9b | 54 |   | f7 | 27 | 9b | 54 |   | 14 | 46 | 27 | 34 |   | 4e | 5f | 84 | 4e |
| 0e | 41 | 64 | d2 |   | ab | 83 | 43 | b5 |   | 83 | 43 | b5 | ab |   | 15 | 16 | 46 | 2a |   | 54 | 5f | a6 | a6 |
| 2e | b7 | 72 | 8b |   | 31 | a9 | 40 | 3d |   | 40 | 3d | 31 | a9 |   | b5 | 15 | 56 | d8 |   | f7 | c9 | 4f | dc |
| 17 | 7d | a9 | 25 |   | f0 | ff | d3 | 3f |   | 3f | f0 | ff | d3 |   | bf | ec | d7 | 43 |   | 0e | f3 | b2 | 4f |

**Round 8**

| ead27321 |
| b58dbad2 |
| 312bf560 |
| 7f8d292f |

8

| 5a | 19 | a3 | 7a |   | be | d4 | 0a | da |   | be | d4 | 0a | da |   | 00 | b1 | 54 | fa |   | ea | b5 | 31 | 7f |
| 41 | 49 | e0 | 8c |   | 83 | 3b | e1 | 64 |   | 3b | e1 | 64 | 83 |   | 51 | c8 | 76 | 1b |   | d2 | 8d | 2b | 8d |
| 42 | dc | 19 | 04 |   | 2c | 86 | d4 | f2 |   | d4 | f2 | 2c | 86 |   | 2f | 89 | 6d | 99 |   | 73 | ba | f5 | 29 |
| b1 | 1f | 65 | 0c |   | c8 | c0 | 4d | fe |   | fe | c8 | c0 | 4d |   | d1 | ff | cd | ea |   | 21 | d2 | 60 | 2f |

**Round 9**

| ac7766f3 |
| 19fadc21 |
| 28d12941 |
| 575c006e |

9

| ea | 04 | 65 | 85 |   | 87 | f2 | 4d | 97 |   | 87 | f2 | 4d | 97 |   | 47 | 40 | a3 | 4c |   | ac | 19 | 28 | 57 |
| 83 | 45 | 5d | 96 |   | ec | 6e | 4c | 90 |   | 6e | 4c | 90 | ec |   | 37 | d4 | 70 | 9f |   | 77 | fa | d1 | 5c |
| 5c | 33 | 98 | b0 |   | 4a | c3 | 46 | e7 |   | 46 | e7 | 4a | c3 |   | 94 | e4 | 3a | 42 |   | 66 | dc | 29 | 00 |
| f0 | 2d | ad | c5 |   | 8c | d8 | 95 | a6 |   | a6 | 8c | d8 | 95 |   | ed | a5 | a6 | bc |   | f3 | 21 | 41 | 6e |

**Round 10**

| d014f9a8 |
| c9ee2589 |
| e13f0cc8 |
| b6630ca6 |

10

| eb | 59 | 8b | 1b |   | e9 | cb | 3d | af |   | e9 | cb | 3d | af |   |    |    |    |    |   | d0 | c9 | e1 | b6 |
| 40 | 2e | a1 | c3 |   | 09 | 31 | 32 | 2e |   | 31 | 32 | 2e | 09 |   |    |    |    |    |   | 14 | ee | 3f | 63 |
| f2 | 38 | 13 | 42 |   | 89 | 07 | 7d | 2c |   | 7d | 2c | 89 | 07 |   |    |    |    |    |   | f9 | 25 | 0c | 0c |
| 1e | 84 | e7 | d2 |   | 72 | 5f | 94 | b5 |   | b5 | 72 | 5f | 94 |   |    |    |    |    |   | a8 | 89 | c8 | a6 |

Ex. 1 (AES Specification) at 29-30, 34-35 (annotated).

Simply put, the only round keys that are used in the 10 rounds that perform the process of scrambling and unscrambling in Cipher() and InvCipher() are not "the first Nk words …. [of] the [content] key itself." As Prof. Conte states in his report, "the AES specification provides that the core of the AES algorithms 'is a sequence of fixed transformations of the state called a *round*.'" Dkt. 201-2 (Conte Opening Report) ¶ 1005. There is substantial evidence that the round keys used by the Cipher() and InvCipher() functions for scrambling and unscrambling are not the "first 'round key'" identified by the Court in the MSJ Order. Accordingly, there is substantial evidence the accused Amazon

products employ an AES cipher that uses only internally generated round keys, not the content key or any key from an outside source or external input.

## IV.    CONCLUSION

For the foregoing reasons, DivX respectfully requests reconsideration of the Court's MSJ Order.

Dated: May 9, 2026

Respectfully submitted,

/s/ *Tara R. Zurawski*
Tara R. Zurawski (Va. Bar. No. 73602)
BUNSOW DE MORY LLP
277 South Washington St., Suite 210 #1088
Alexandria, VA 22314
Phone: 703.828.4019
Fax: 415.426.4744
tzurawski@bdiplaw.com

Charles B. Molster, III Va. Bar No. 23613
THE LAW OFFICES OF CHARLES B.
MOLSTER, III PLLC
1901 Pennsylvania Avenue, N.W., Suite 610
Washington, D.C. 2000
Phone: 202.787.1312
cmolster@molsterlaw.com

Jason G. Sheasby (pro hac vice)
jsheasby@irell.com
Lisa Glasser (pro hac vice)
lglasser@irell.com
Babak Redjaian (pro hac vice)
bredjaian@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
Phone: (310) 277-1010

Philip Warrick (pro hac vice)
pwarrick@irell.com
IRELL & MANELLA LLP
750 17th Street NW
Suite 850
Washington, DC 20006
Phone: (202) 777-6500

Aaron R. Fahrenkrog (pro hac vice)
AFahrenkrog@robinskaplan.com
Logan J. Drew (pro hac vice)
LDrew@robinskaplan.com
Benjamin C. Linden (pro hac vice)
BLinden@Robinskaplan.com
Emily J. Tremblay (pro hac vice)
ETremblay@robinskaplan.com
Jessica L. Gutierrez (pro hac vice)
JGutierrez@robinskaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Phone: 612.349.8500
Fax:    612.339.4181

*Attorneys for Plaintiff DIVX, LLC*

- 13 -

## **CERTIFICATE OF SERVICE**

I certify that on May 9, 2026, a copy of the foregoing was filed electronically with the

Clerk of Court using the ECF system which will send notification to all ECF participants.

 /s/  *Tara R. Zurawski*
Tara R. Zurawski
